# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MICHALE DICKMAN,

                                        Plaintiff,

v.

RON DAVIS, Warden

                                        Defendant.

Case No.  18cv1746 LAB (PCL)

**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION**

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a motion to proceed in forma pauperis. The Court does not rule on Petitioner's request to proceed in forma pauperis because this case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A) as indicated below.

## PETITION BARRED BY GATEKEEPER PROVISION

The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his February 2, 2010 conviction in San Diego County Superior Court case number CD216920.   On March 4, 2013, Petitioner filed in a Court a Petition for Writ of Habeas Corpus in case No. 13cv0510.   In that petition, Petitioner challenged his February 2, 2010 conviction as well.   On April 14, 2014, this Court denied the petition on the merits.  (*See* Order filed April 14, 2014 in case No. 13cv0510 CAB (BLM) [ECF No. 29].)  Petitioner appealed that determination.  On January

15, 2015, the Ninth Circuit Court of Appeals denied Petitioner's request for certificate of appealability. (*See* Order in *Dickman v. Swarthout*, No.14-55717 (9th Cir. Jan. 15, 2015).)

Petitioner is now seeking to challenge the sentence imposed as a result the conviction he challenged in his prior federal habeas petition. Unless a petitioner shows he or she has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (a petition is successive where it challenges "the same custody imposed by the same judgment of a state court" as a prior petition). A successive application is permissible "only if it rests on a new rule of constitutional law, facts that were previously unavailable, or facts that would be sufficient to show constitutional error in the petitioner's conviction." 28 U.S.C. § 2244(b)(2). "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir.2008). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

## CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. *For Petitioner's convenience, the Clerk of Court shall attach a blank Ninth Circuit Application for Leave to File Second or Successive Petition.*

**IT IS SO ORDERED**.

DATED: August 1, 2018

_____
Larry Alan Burns
United States District Judge